ABELARDO RUIZ MORALES, demandante y apelante, *v.* RAFAEL LÍCHA, demandado y apelado.

Núm. 9065.—*Sometido:* Marzo 23, 1945. *Resuelto:* Abril 10, 1945.

*Fernando Ruiz Suria,* abogado del apelante; *Font Frías & Valentín Esteves,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

El demandante tomó en arrendamiento desde el 1º de junio de 1944 un local situado en el piso bajo de una casa en San Juan, estando dicho local dividido en dos por un tabique. El anterior arrendatario había dado en arrendamiento una de las dos subdivisiones al aquí demandado. Tan pronto como hubo obtenido el arrendamiento del local, el demandante se lo notificó al demandado, informándole al mismo tiempo que podía continuar en el local que había venido ocu-

pando, siempre que se comprometiese a pagar un canon de $100 mensuales, en vez de los $75 que antes pagaba.

En la demanda sobre desahucio en precario incoada ante la Corte de Distrito de San Juan se alega que el demandado se negó expresamente a aceptar las nuevas condiciones y ha seguido detentando la posesión del local sin pagar canon o merced alguna y sin tener contrato alguno de subarrendamiento con el demandante.

Celebrada la primera comparecencia, alegó el demandado que la demanda no aduce hechos suficientes para constituir causa de acción, y, además, que la corte inferior carecía de jurisdicción para conocer del caso. El demandado radicó una contestación en la que admite que no tiene contrato alguno con el demandante, que éste le ha requerido para que desaloje el local y que él se ha negado a ello.

La corte inferior dictó sentencia desestimando la demanda e imponiendo las costas al demandante, por entender (*a*) que "el que tiene derecho a desahuciar es el arrendador, o sea el dueño de la propiedad o el comprador, o sea la persona que sustituya al dueño, a menos que no sea un comprador con pacto de retro"; (*b*) que "un nuevo arrendatario no tiene causa de acción para desahuciar a un subarrendatario del anterior arrendatario"; (*c*) que la sección 1 de la Ley de Desahucio (artículo 620, Código de Enjuiciamiento Civil) no concede al nuevo arrendatario el derecho a desahuciar de que se trata; y (*d*) que "la única acción directa que se le da al arrendatario es la que establece el artículo 1450 contra el perturbador de mero hecho, pero ya sabemos que un subarrendatario no es un perturbador de mero hecho y sí un detentador de derecho de la propiedad".

Aunque por razones distintas de las alegadas por el demandante apelante, convenimos con éste en que las conclusiones de derecho de la corte inferior son erróneas.

El artículo 1450 del Código Civil (Ed. 1930), equivalente al 1560 del Código Civil Español, dispone:

"Artículo 1450.—El arrendador no está obligado a responder de la perturbación de mero hecho que un tercero causare en el uso de la finca arrendada; pero el arrendatario tendrá acción directa contra el perturbador.

"No existe perturbación de hecho cuando el tercero, ya sea la administración, ya un particular, ha obrado en virtud de un derecho que le corresponde."

El artículo 1444 del Código Civil, así como el 1554 del Código Español, dispone que el arrendador está obligado "a entregar al arrendatario la cosa objeto del contrato" y "a mantener al arrendatario en el goce pacífico del arrendamiento por todo el tiempo del contrato". Y dice Manresa, Tomo 10, segunda edición, página 521 que "el arrendador debe velar porque ese goce no se interrumpa ni se perturbe, tanto por hechos ajenos, salvo lo dispuesto en el artículo 1560, como por los propios".

En sus Comentarios al artículo 1560 del Código Español, que es idéntico al 1450 del nuestro, dice Manresa:

"Si el arrendador no responde de las perturbaciones de mero hecho, y si, no obstante este precepto de carácter marcadamente excepcional, debe mantener al arrendatario en el goce pacífico del arrendamiento, es visto que indudablemente responde de aquellas otras que no sean de mero hecho, de donde lógicamente se deduce la diferencia de los actos perturbadores *en actos de mero hecho y actos de derecho,* diferencia que importa dejar claramente establecida, porque de ella parten las consecuencias que constituyen la entraña del artículo que comentamos.

¿Qué entendemos por perturbación de mero hecho? ¿Qué por perturbación de derecho?

"El Código francés, en su artículo 1725, dice que el arrendador no está obligado a garantizar al arrendatario por las molestias causadas por terceros que no tengan derecho sobre la cosa arrendada, sin perjuicio de las reclamaciones que el arrendatario pueda hacer en su propio nombre; y en el 1726 que, si, por el contrario, el inquilino o arrendatario ha sido molestado en su disfrute por consecuencia de una acción relativa a la propiedad del predio, tiene derecho a una rebaja proporcional en el precio del arrendamiento, habiéndose denunciado aquella molestia al propietario."

"Parece deducirse de estos preceptos que la perturbación ocasionada por quien no tenga derecho sobre la cosa arrendada (aunque lo pueda ostentar sobre cosas distintas que con ella guarden relación), se debe estimar como de mero hecho, y que aquella otra que consista en el ejercicio de una acción que afecte a la propiedad del predio, ha de considerarse como de derecho."

"Laurent, explicando estos preceptos, dice, que lo que caracteriza la perturbación de derecho, es que el tercero pretenda o afirme que la cosa arrendada no pertenece al arrendador."

" *          *          *          *          *          *          *

"Más adelante el mismo Laurent acoge las siguientes distinciones de Pothier: hay perturbación de hecho cuando los terceros que la realizan no pretenden tener ningún derecho en el predio, por ejemplo, si hacen pacer sus rebaños en la finca arrendada, aunque sin alegar que estén facultados para ello; es perturbación judicial, la que resulta de una demanda presentada ante los tribunales; es perturbación judicial también, por vía de excepción, la que tiene lugar cuando al perseguir el arrendatario a los autores de una perturbación de hecho, éstos oponen que tienen un derecho en la cosa arrendada."

" *          *          *          *          *          *          *

"Ricci señala dos requisitos a las molestias de hecho para que sean a cargo del arrendatario: primero, que el que la cause no ostente ningún derecho sobre la cosa arrendada; y segundo, que tampoco tenga derecho para realizar aquello en que la molestia o perturbación consiste: faltando alguno de estos dos requisitos la perturbación es de derecho."

(Manresa, Vol. 10 (2da. Ed.) págs. 564 a 567).

Si aplicamos la regla sentada por Manresa y por los Comentaristas Laurent, Pothier, Pacifici Mazzoni, Ricci y García Goyena, a los hechos del presente caso, tendremos que llegar a la inescapable conclusión de que el demandado es un perturbador de mero hecho contra el cual el demandante, como arrendatario, tiene derecho a ejercer la acción que le concede el artículo 1450 del Código Civil. El demandado admite que el demandante es desde el 1º. de junio de 1944 el arrendatario del local; que el demandante se lo notificó oportunamente, informándole al mismo tiempo las condiciones para la celebración de un nuevo contrato; que el deman-

dado se negó a aceptar dichas condiciones y ha continuado detentando la posesión del local, sin tener contrato alguno con el demandante y sin pagar canon o merced alguna. El demandado no ha hecho ninguna alegación que pueda ser considerada como una impugnación de título del arrendador, ni tampoco como la reclamación de un derecho sobre el inmueble. Admite que no tiene derecho alguno a continuar en la posesión y disfrute del local que ocupa, y se limita a defenderse alegando que es el dueño del inmueble quien puede desahuciarle y no el arrendatario.

El artículo 620 del Código de Enjuiciamiento Civil, Ed. 1933, (artículo 1, Ley de Desahucio) dispone que "tienen acción para promover el juicio de desahucio los dueños de la finca, los usufructuarios *y cualquiera otro que tenga derecho a disfrutarla,* y sus causahabientes". Si el contrato de arrendamiento es aquél por el cual una de las partes se obliga a dar a la otra el goce o uso de una cosa por tiempo determinado y precio cierto (artículo 1433, Código Civil), es indudable que el arrendatario adquiere por virtud de dicho contrato el derecho a disfrutar de la finca y el de solicitar que sean lanzados de ella todos aquellos que sin ostentar título alguno que les dé derecho a la posesión pretendan continuar en ella en contra del derecho del arrendatario.

En su alegato, el demandado ha levantado la cuestión jurisdiccional, sobre la cual no hizo pronunciamiento alguno la corte inferior. Sostiene que no siendo él un poseedor en precario y no excediendo el canon de arrendamiento que él pagaba a su antiguo subarrendador de la suma de $1,000 anuales, es la corte municipal y no la de Distrito la que tiene jurisdicción para conocer del caso.

Considerando que no es posible resolver la cuestión jurisdiccional sin oír prueba sobre las respectivas alegaciones de las partes, la dejaremos para que sea considerada y resuelta por la corte inferior.

*Por las razones expuestas, procede revocar la sentencia recurrida y devolver el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*